IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| WENDY WALDEN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 3:16-CV-1216-NJR-RJD |
| | ) |
| PIER 1 IMPORT (U.S.), INC., | ) |
| | ) |
| Defendant. | ) |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Pending before the Court is Defendant Pier 1's oral motion to strike expert testimony made during the final pretrial conference on October 27, 2017. For the reasons set forth below, the motion is granted.

### FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Wendy Walden is claiming negligence against Defendant Pier 1 for failing to maintain its retail facility in a safe condition, failing to inspect the facility, failing to take care when displaying furniture and other goods, creating unsafe conditions, and failing to properly train its employees. (Doc. 13-1, p. 1). Walden alleges that as a direct and proximate result of one or more of the above negligent acts, she was struck by a chair, causing her injury. (Doc. 13-1, p. 1). Pier 1 has raised thirteen affirmative defenses including, but not limited to: failure to state a claim, comparative fault, assumption of the risk, contributory negligence, statute of limitations, laches, estoppel, unclean hands, and unjust enrichment. (Doc. 28, pp. 2-3).

Pier 1 filed a motion in limine on October 6, 2017, asking this Court to exclude any expert testimony offered on behalf of Walden. (Doc. 31, p. 3). Pier 1 alleges that Walden has failed to disclose any of her trial witnesses as experts or provide any reports issued by experts in violation of Federal Rule of Civil Procedure 26(a)(2)(A). (Doc. 31, p. 4). The motion in limine was taken up at the pretrial conference as an oral motion to strike expert testimony. Counsel for Walden admitted he has not filed a notice pursuant to Rule 26(a)(2)(A) but argued the medical records of all treating physicians were provided to Pier 1 during discovery and that they were identified as possible witnesses in interrogatory answers.

## ANALYSIS

A treating physician can provide expert testimony as long as he or she is disclosed pursuant to Rule 26(a)(2). FED. R. CIV. P. 26(a)(2); *Musser v. Gentiva Health Servs.*, 356 F.3d 751, 758 (7th Cir. 2004). Any testimony regarding opinions formed during or after treatment is considered expert testimony, even if it is presented by a treating physician. *Coleman v. Am. Family Mut. Ins. Co.*, 274 F.R.D. 641, 644 (N.D. Ind. 2011) (citing *Meyers v. Nat'l R.R. Passenger Corp.*, 619 F.3d 729, 734-35 (7th Cir. 2010). Under Rule 37(c)(1), a party that fails to identify a witness as required by Rule 26(a) may not use that witness to supply expert testimony at a trial "unless the failure was substantially justified or is harmless." FED. R. CIV. P. 37(c)(1).

Failure to disclose a treating physician as an expert does not prevent the physician from testifying as a fact witness. *Higgins v. Koch Development Corp.*, 997 F.Supp.2d 924, 929 (S.D. Ind. 2014) (citing *Musser,* 356 F.3d at 758). Any part of a treating

physician's testimony that is based on scientific, technical or other specialized knowledge, however, must be excluded because it is considered expert testimony. *See* 2000 Advisory Committee Note to Fed. R. Civ. P. 701.

Attaching medical records to discovery does not qualify as disclosure of an expert under Rule 26(a)(2). The Seventh Circuit recently addressed this issue in *Cripe v. Henkel Corp.*, where the plaintiff argued attachment of records from six treating physicians to an expert's report provided sufficient disclosure of those treating physicians as expert witnesses. 858 F.3d 1110, 1112 (7th Cir. 2017). Presumably, the plaintiff was arguing that because the expert relied on those reports, the defense had notice the treating physician's expertise was being invoked. The Seventh Circuit disagreed, finding that "[a]ttaching the report of a fact witness, such as a treating physician, to an expert's report does not turn the fact witness into an expert witness." *Id.* Specifically, Judge Easterbrook noted that "litigants should not have to guess who will offer expert testimony; they need knowledge to conduct their own discovery and proffer responsive experts." *Id.*

The Seventh Circuit also has rejected the idea that a defendant should be forced to assume that each fact witness listed in discovery has the potential to become an expert. *Musser*, 356 F.3d at 758. Rather, failure to disclose fact witnesses as experts prejudices the opposing party because there are actions that can be taken against experts that are not applicable to fact witnesses, such as excluding testimony under *Daubert v. Merrell Dow Pharmaceuticals*, retaining rebuttal experts, and holding additional depositions. *Id.* at 758-59. Thus, even treating physicians and nurses must be specifically designated as experts if they are to provide expert testimony. *Id.* at 759.

Here, Walden is claiming that attachment of medical records to her Answer to Plaintiff's First Set of Interrogatories and Request for Production of Documents is sufficient to qualify as disclosure of her experts. In the First Set of Interrogatories Directed to Plaintiff, Pier 1 specifically asked Walden to identify each

> Non-retained expert witness, including person whom plaintiff expects to call at trial who may provide expert witness opinion testimony by providing the expert's name, address and field of expertise. State also any opinions the expert will testify to at trial.

(Ex. A, pp. 2-3). Walden's response stated she anticipated calling

> treating physicians and/or their staff to testify about Plaintiff's medical treatment stemming from the occurrence, the reasonableness of the medical treatment and bills incurred and/or to be incurred as a result of the occurrence, the possible need for future treatment needed as a result of the occurrence, plaintiff's occurrence related limitations (including ongoing and/or permanent pain and limitations related to the occurrence), and any subjects identified in discovery responses and/or deposition testimony.

(Ex. A, p. 4). Thus, Walden's response simply stated she might call any one of her treating physicians to talk about subjects that arguably include both facts and opinions. None of those opinions were identified. As stated in *Cripe*, litigants should not have to guess who the opposing party will offer as experts. 858 F.3d at 1112. Nothing in Walden's response to the interrogatories and request for production of documents provided Pier 1 with any information about which of the treating physicians Walden was expecting would also provide expert testimony or the subjects that testimony would cover. As discussed above, Pier 1 is not required to assume that every treating physician can potentially be called as an expert. *Musser*, 356 F.3d at 758. Thus, Walden's responses

to the interrogatories and request for production of documents do not qualify as disclosure of expert witnesses as required by Rule 26(a)(2).

Furthermore, failure to disclose the treating physicians as experts here is not substantially justified. The Court is not insensitive to the fact that counsel for the plaintiff does not regularly practice in federal court. The Federal Rules of Civil Procedure and the Federal Rules of Evidence, however, are not unfamiliar to most attorneys. It is not unreasonable for the Court to expect counsel to review and comply with both the federal and local rules. *Musser*, 356 F.3d at 759 ("A misunderstanding of the law does not equate to a substantial justification for failing to comply with the disclosure deadline."). Further, the parties provided a Joint Report and Proposed Scheduling and Discovery Order that was adopted by Magistrate Judge Reona J. Daly. (Docs. 20, 20-1). The scheduling order specifically identified dates by which experts should be disclosed, their reports prepared, and their depositions taken. (Doc. 20-1, pp. 2-3). Walden's counsel participated in drafting the joint report, and thus he is presumed to have been aware of the deadlines for disclosure. Failure to disclose the treating physicians as experts is not, therefore, substantially justified.

For these reasons, the Court finds Walden failed to properly disclose any of the treating physicians as experts and bars any testimony from those witnesses that express an expert opinion under Federal Rules of Evidence 701, 702, or 703. Walden is not, however, prevented from calling the treating physicians as fact witnesses.

## CONCLUSION

Pier 1's oral motion to strike expert testimony is **GRANTED.** Any testimony by Walden's treating physicians that express an expert opinion under Federal Rules of Evidence 701, 702 or 703 is hereby excluded. The treating physicians may only testify as fact witnesses.

**IT IS SO ORDERED.**

DATED:   November 6, 2017

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**